IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGEL MARCELINO NUNEZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1710-N |
| | § | |
| DAVID BERKEBILE, Warden, | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Angel Marcelino Nunez, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

On January 13, 2003, petitioner was sentenced to five years in prison following his conviction on state drug charges. Petitioner was subsequently indicted by a federal grand jury for various drug-related offenses, including conspiracy to possess with intent to distribute methamphetamine and conspiracy to commit money laundering. On or about September 9, 2003, the U.S. Marshals Service assumed temporary custody of petitioner pursuant to a writ of habeas corpus *ad prosequendum*.[1] Petitioner pled guilty to the federal drug and money laundering charges

---

[1] Federal prison regulations provide that time spent in federal custody pursuant to a writ of habeas corpus will not, in itself, be considered for the purpose of determining custody credits. This is because the primary reason for custody is not the federal charge. Rather, it is considered that the federal court "borrows" the defendant under the provisions of the writ for the purpose of making his court appearance. *See Sentencing Computation Manual*, P.S. 5880.28 (CCCA 1984).

and, on April 14, 2004, was sentenced to a total of 121 months confinement. The judgment does not specify whether petitioner's federal sentence runs concurrent with or consecutive to his state sentence. Immediately following his federal sentencing, petitioner was returned to state prison. When petitioner was paroled on March 29, 2005, he was transferred to federal custody and began serving his federal sentence.

Petitioner now seeks credit on his federal sentence for all time spent in state custody--both before and after his federal sentencing. It appears that petitioner has exhausted his administrative remedies and is properly before this court. *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990).

## II.

Petitioner's claims are governed by two different statutes. With respect to his claim for sentence credit from September 9, 2003, the date federal authorities assumed temporary custody under a writ of habeas corpus *ad prosequendum*, until April 14, 2004, the date of his federal sentencing, the applicable statute provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1)    as a result of the offense for which the sentence was imposed; or
>
> (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Thus, a federal prisoner is only entitled to credit for time that has not been credited toward another sentence. The record shows that petitioner received credit on

his state sentence until his release on March 29, 2005. (*See* Hab. Pet. App. at 5). Consequently, none of that time may be credited toward his federal sentence.

### III.

Petitioner also seeks credit for the time he was in state custody following his federal sentencing. This claim implicates 18 U.S.C. § 3584, which provides, in pertinent part:

> (a)  If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . .
>
> * * * *
>
> (b)  The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

18 U.S.C. § 3584(a) & (b). Notwithstanding the plain language of this statute, which vests the district court with discretion to determine whether state and federal sentences run concurrently or consecutively, petitioner believes that the Bureau of Prisons ("BOP") should have designated the TDCJ-CID as a "place of imprisonment" under 18 U.S.C. § 3621(b). That statute provides:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) *any statement by the court that imposed the sentence--*

> (A) *concerning the purposes for which the sentence to imprisonment was determined to be warranted;* or
>
> (B) *recommending a type of penal or correctional facility as appropriate*; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.* § 3621(b) (emphasis added). Petitioner has failed to show that the BOP abused its discretion in failing to designate the TDCJ-CID as a "place of imprisonment" for serving his federal sentence. In rejecting petitioner's claim at the administrative level, the BOP Regional Director noted that "your federal Judgment and Commitment Order was silent as to the service of your federal sentence; thus, it was appropriately calculated as consecutive to your state term." (*See* Hab. Pet. App. at 10). Absent an indication by the federal sentencing court that it intended for petitioner to serve his federal and state sentences concurrently, the BOP had discretion to deny such a request. *See Henderson v. Joslin*, No. 3-06-CV-0797-P, 2007 WL 148733 at *5 (N.D. Tex. Jan. 22, 2007), *citing Rodriguez v. Pitzer*, 76 Fed.Appx. 519, 520, 2003 WL 21805912 at *1 (5th Cir. Aug. 7, 2003); *Jackson v. Casterline*, 226 F.3d 643 (Table), 2000 WL 1029187 at *1 (5th Cir. Jul. 14, 2000).[2]

## VI.

Finally, petitioner contends that he has been denied equal protection under the law because the BOP allows inmates in other circuits to serve their federal and state sentences concurrently. In

---

[2] The federal sentencing court has since confirmed that it did not intend for petitioner to serve his federal and state sentences concurrently. In denying petitioner's request for *nunc pro tunc* relief, the sentencing judge wrote:

> Movant was given due consideration through being allowed to plead to charges in a superseding information which eliminated any possible mandatory minimum sentence, and he was granted a six-level downward departure at sentencing due to his cooperation with the Government. *Any additional request to have his federal sentence run concurrent with a state conviction would not have been granted.*

*Nunez v. United States*, No. W-08-CA-030, or. at 3 (W.D. Tex. Feb. 7, 2008) (emphasis added).

order to state an equal protection claim, petitioner must show that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Priester v. Lowndes County*, 354 F.3d 414, 424 (5th Cir.), *cert. denied*, 125 S.Ct. 153 (2004). Here, petitioner has not identified any similarly-situated prisoners who were allowed to serve their federal and state sentences concurrently. Nor has petitioner shown that he is a member of a protected class or that his treatment stemmed from a discriminatory intent. His conclusory assertions do not merit habeas relief. *See Webber v. Federal Bureau of Prisons*, No. 6-03-CV-0079-C, 2005 WL 176122 at *12 (N.D. Tex. Jan. 27, 2005), *aff'd*, 200 Fed.Appx. 335, 2006 WL 2673150 (5th Cir. Sept. 19, 2006) (conclusory allegations insufficient to prove that BOP discriminated against inmate).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE